# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHAPMAN'S LAS VEGAS DODGE, LLC, )
and Arizona limited liability company, )
) Case No.: 2:14-cv-00504-GMN-CWH
Plaintiff, )
vs. ) **ORDER**
)
CHRYSLER GROUP, LLC, a Delaware )
limited liability company, )
)
Defendant. )
)

Pending before the Court is the Motion for Declaratory Relief (ECF No. 9) filed by Plaintiff Chapman's Las Vegas Dodge, LLC ("Plaintiff") on May 5, 2014, and Plaintiff's concurrently filed Request for Declaratory Relief to be Heard or Decided on an Expedited Basis (ECF No. 10.)  Defendant Chrysler Group, LLC ("Defendant") filed a Response (ECF No. 17) to the Motion for Declaratory Relief on May 19, 2014, and it concurrently filed a Motion to Extend Time (ECF No. 16) requesting that Plaintiff's Motion for Declaratory Relief be construed as a Motion for Summary Judgment and seeking an additional three weeks to file an appropriate response. (ECF No. 16 ¶¶ 3-8.)  On May 22, 2014, Plaintiff filed its Response to the Motion to Extend Time (ECF No. 18) and as well as its Reply to the Response to the Motion for Declaratory Relief. (ECF No. 19.)  On May 23, 2014, Defendant filed an Errata to its Motion to Extend (ECF No. 20) and a Reply to Plaintiff's Response to the Motion to Extend Time (ECF No. 21.)  For the reasons discussed below, the Court declines to exercise jurisdiction in this case and rule on the merits of these motions.  Instead, this case shall be **REMANDED** to the appropriate state court so that it may rule on this declaratory judgment action involving the application of an unsettled state law to these parties.

## I. BACKGROUND

Plaintiff is a Nevada limited liability company authorized under certain agreements with Defendant to sell Chrysler, Jeep, Dodge, and Ram vehicles in the Las Vegas area. (Compl., Ex. A to Notice of Removal, ECF No. 1 ¶¶ 1, 4.) In 2009, Plaintiff executed a Sales and Service Agreement authorizing it to sell additional lines of vehicles, but which also contained a waiver of Plaintiff's right to protest the establishment or relocation of any Chrysler Dodge Jeep franchise within the Las Vegas Sales locality for a period of five years pursuant to Nevada Revised Statute § 482.36357.[1] (*Id.* ¶¶ 5, 7.) However, in 2013, the Nevada Legislature amended Nevada Revised Statute § 482.3638, to include the statement that "[a] waiver of any provision of NRS 482.36311 to 482.36425, inclusive, is void and unenforceable." NEV. REV. STAT. § 482.3638(3) (2013).

In January of 2014, Defendant notified Plaintiff about the potential establishment of a new Chrysler dealership within the geographic area in which Plaintiff could protest under Nevada Revised Statute § 482.36357. (Compl., Ex. A to Notice of Removal, ECF No. 1 ¶ 10.) Subsequently, on February 28, 2014, Plaintiff commenced an action in state court seeking a determination from the court that the amendment to Nevada Revised Statute § 482.3638

---

[1] Nevada Revised Statute § 482.36357 provides:
> Except as otherwise provided in subsection 2, a manufacturer or distributor shall not enter into a franchise which would establish an additional dealership for new vehicles or relocate an existing dealership within the relevant market area of another dealer in the same line and make of vehicles unless:
>   (a) The manufacturer or distributor has given written notice of its intention to the Director and to each dealer in the same line and make in the relevant market area; and
>   (b) Either of the following conditions occurs:
>     (1) None of the dealers affected files a protest with the Director within 15 days after receiving the notice or within 15 days after the end of any appeal procedure provided in the franchise agreement; or
>     (2) After a protest has been filed with the Director and the Director has conducted a hearing, the Director finds that there is not good cause for preventing the intended establishment or relocation of a dealership and issues an order authorizing the manufacturer or distributor to establish the additional dealership or relocate the existing dealership.

1  rendered any waiver or release of its right to protest is now void and unenforceable as a matter
2  of law. (*Id.* ¶¶ 11-21.)  In the Complaint, Plaintiff also seeks to enjoin Defendant "from
3  enforcing, or threatening to enforce, any waiver or release of protest rights against [Plaintiff]."
4  (*Id.* ¶¶ 22-27.)  On April 3, 2014, Defendant filed a Notice of Removal (ECF No. 1), removing
5  the case to this Court.

6  **II.   DISCUSSION**

7  The sole issue in this litigation involves the parties' respective rights following a recent
8  amendment to Nevada state law.  The Complaint Plaintiff filed in state court for declaratory
9  relief was brought under Nevada's Uniform Declaratory Judgment Act. (Compl., Ex. A to
10 Notice of Removal, ECF No. 1.)  However, "[w]hen [Defendant] removed the case to federal
11 court based, on diversity jurisdiction, the claim remained one for declaratory relief, but the
12 question whether to exercise federal jurisdiction to resolve the controversy became a procedural
13 question of federal law." *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 753 (9th Cir.
14 1996) *overruled in part on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th
15 Cir. 1998).[2]  "The Declaratory Judgment Act, 28 U.S.C. § 2201, is the procedural statute under
16 which a federal court determines whether to exercise its jurisdiction to hear a case such as the
17 present one." *Id.*

18 Under the Declaratory Judgment Act, a district court has the "unique and substantial
19 discretion" to decide whether to issue a declaratory judgment. *Wilton v. Seven Falls Co.*, 515
20 U.S. 277, 286 (1995).  The Declaratory Judgment Act states that "courts *may* declare the rights
21 and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a)
22 (emphasis added).  Therefore, a district court is under no compulsion to exercise its jurisdiction.

---

[2] In *Dizol*, the Ninth Circuit overruled several prior cases dealing with the Declaratory Judgment Act by making permissive a district court's *sua sponte* jurisdictional determination over a declaratory relief action regarding state law. *Dizol*, 133 F.3d at 1224.  Prior to *Dizol*, the Ninth Circuit had held that district courts were required to determine at the onset of the case whether it should exercise jurisdiction in declaratory relief actions involving state law. *See e.g. Golden Eagle*, 103 F.3d at 756.

*Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *see also Dizol*, 133 F.3d at 1223 ("This determination is discretionary, for the Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority.") (internal quotations omitted). This discretion exists even if the case originated in state court and was removed to federal court on the basis of diversity jurisdiction. *Golden Eagle*, 103 F.3d at 755. Furthermore, this discretion may be exercised by the Court *sua sponte*. *See Dizol*, 133 F.3d 1226; *see also Great Am. Assur. Co. v. Discover Prop. & Cas. Ins. Co.*, 779 F. Supp. 2d 1158, 1162 (D. Mont. 2011) ("The court in *Dizol* made clear that while sua sponte consideration is no longer required, it remains the favored approach").

        The Ninth Circuit has held that "when other claims are joined with an action for declaratory relief (*e.g.*, bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (*quoting Dizol,* 133 F.3d at 1225). However, the Ninth Circuit has also held that "federal courts should decline to assert jurisdiction in … declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule." *Emp'rs. Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir. 1995) *overruled in part on other grounds by Dizol*, 133 F.3d 1220. (internal quotations omitted); *see also Golden Eagle*, 103 F.3d at 754 ("nothing in the Declaratory Judgment Act requires a parallel state proceeding in order for the district court to exercise its discretion to decline to entertain the action."). Because there are no independent claims in this case beyond the action for declaratory relief under state law and request for an injunction based on that declaration, the Court will make a determination about whether to exercise its discretion to decline jurisdiction and remand the case to state court.

When making a determination concerning whether to exercise jurisdiction, the district court's discretion is governed by the factors in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, which the Ninth Circuit described as (1) avoidance of needless determination of state law issues, (2) discouragement of the filing declaratory actions as a means of forum shopping; and (3) avoidance of duplicative litigation. *Dizol*, 133 F.3d at 1225. At the core of these prudential considerations is an assessment of "how judicial economy, comity and federalism are affected in a given case." *Id.* at 1226.

In applying these factors to the present case, the first factor weighs strongly against proceeding in federal court because the issue in controversy is a novel and unsettled issue of state law and, as the sole basis for federal jurisdiction is diversity of citizenship, there is no compelling federal interest. *See State Farm Fire & Cas. Co. v. Willison*, 833 F. Supp. 2d 1200, 1214 (D. Haw. 2011) ("When an issue concerning state law is the subject of a parallel state proceeding or involves complicated and unsettled areas of state law, district courts should avoid exercising declaratory judgment jurisdiction."); *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1038 (D. Haw. 2008) ("Where, as here, 'the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir.'") (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991) *overruled in part on other grounds by Dizol*, 133 F.3d 1220). The second factor also weighs against keeping this action in federal court because to do so would encourage other litigants to remove similar cases of purely state interest to federal courts. *See Hoelbl v. GEICO Gen. Ins. Co.*, 2:10-CV-2505 JWS, 2010 WL 5463389, at *2 (D. Ariz. Dec. 29, 2010) ("The [forum shopping] factor weighs against keeping the case in federal court, because to do so would encourage other litigants to remove similar cases and thus result in forum shopping."). The third factor favors neither acceptance nor declination of jurisdiction as the entire matter will be disposed of in either state or federal court and the Court is currently unaware of any other suits addressing the new law pending in state court. *Huth v. Hartford Ins.*

*Co. of the Midwest*, 298 F.3d 800, 803-04 (9th Cir. 2002) ("The district court held that 'avoiding duplicative litigation' favored neither party; we agree. The case will be disposed of entirely either in state or federal court, depending upon the outcome of this appeal."). Therefore, the Court finds that when considered together, the relevant factors weigh against this Court exercising its discretion to retain jurisdiction and decide the declaratory judgment action. *See Id.* at 802-04 (affirming remand of a declaratory judgment action solely on the grounds of avoiding needless determination of state law issues even in the absence of a similar state court proceeding).

Accordingly,

### III. CONCLUSION

**IT IS HEREBY ORDERED** that this case is hereby remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**DATED** this 29th day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge